```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| CHESTER M. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  12 C 2822 |
| | ) |
| SHERWIN-WILLIAMS COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Chester Brown ("Brown") has filed a Complaint of Employment Discrimination against his ex-employer Sherwin-Williams Company ("Sherwin-Williams"), utilizing the form of Complaint provided by the Clerk's Office for use by pro se plaintiffs, with the form having been completed through hand-printing and an appropriate marking of boxes included in the form. This sua sponte memorandum order is issued because Brown's filled-in information has most likely pleaded him out of court, although no actual sua sponte dismissal order is appropriate.

Complaint ¶9(b) confirms that Brown received his right-to-sue letter from EEOC on January 17, 2012, and he filed this lawsuit on April 17. But the right-to-sue letter states--indeed, emphasizes--that suit must be filed within 90 days (<u>not</u> within three months) after its receipt by the prospective plaintiff, and April 17 is the <u>91st</u> day after January 17. And the caselaw consistently holds (just as with other bright-line statutory limitations provisions) that a single day is enough to make the

action untimely.

It is true that the time prescription is not jurisdictional, so that it could be waived by defendant Sherwin-Williams, although such waivers are rare. Accordingly this Court will not dismiss this action at this time--it will instead transmit copies of the Complaint and this memorandum order to Sherwin-Williams at the address Brown has listed in the Complaint and will await its response.[1] For that purpose a status hearing is set for 9 a.m. May 25, 2012, at which time Brown and a Sherwin-Williams lawyer are expected to be present.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date:  May 4, 2012

---

[1] In the meantime, any ruling on Brown's accompanying In Forma Pauperis Application and Motion for Appointment of Counsel will be deferred (though the latter is inadequate in any event because of its failure to specify what efforts he has made to retain counsel on his own).